ALFRED PISCITELLI AND MILDRED PISCITELLI, HIS
WIFE, PLAINTIFFS, v. TOWNSHIP COMMITTEE OF THE
TOWNSHIP OF SCOTCH PLAINS; TOWNSHIP OF
SCOTCH PLAINS, A MUNICIPAL CORPORATION; BOARD
OF ARCHITECTURAL REVIEW OF THE TOWNSHIP OF
SCOTCH PLAINS, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 4, 1968

*Mr. Daniel S. Bernstein* for plaintiffs and on the brief (*Messrs. Sachar, Sachar & Bernstein,* attorneys).

*Mr. George A. Wood,* attorney for defendants.

FELLER, J. S. C.  This matter comes before the court as the result of plaintiffs' motion for summary judgment pursuant to *R. R.* 4:58–3.

Plaintiffs, who are residents of the Township of Union, New Jersey, are property owners and taxpayers of the Township of Scotch Plains, New Jersey, being the owners of property commonly known as 809 Jerusalem Road, Scotch Plains, New Jersey.

On December 5, 1967 defendant adopted an ordinance establishing an Architectural Review Board.  Under this or-

dinance, all applicants for building permits for construction or renovation of commercial, industrial or multi-family structures or signs must submit plans to this board for approval, said approval to be based upon the standards set forth in section 5 of the ordinance. If the board determines the applicant has complied with the ordinance, the application will be approved and submitted to the building inspector to determine whether the other laws are complied with. If so, the permit issues.

Plaintiffs contend that (1) Scotch Plains has no authority to enact such an ordinance, and (2) the standards set forth in section 5 are vague and unreasonable in that they call for subjective findings.

It is defendants' position that (1) plaintiffs have no standing to bring this suit; (2) the municipality has authority under its police power to enact this ordinance for aesthetic purposes, and (3) the ordinance sets out satisfactory legal standards.

I

With regard to the question of standing, defendants contend that plaintiffs have not built on the vacant land that they own and that they do not intend to build thereon. However, this court is satisfied that plaintiffs have complied with the requirements of *Kozesnik v. Montgomery Twp.*, 24 *N. J.* 154 (1951) wherein the court stated at *pages 177–178*:

"'* * * we have recognized a broad right in the taxpayers and citizens of a municipality to such review of local legislative action without proof of unique financial detriment to them. *Driscoll v. Burlington-Bristol Bridge Co.*, 8 *N. J.* 433, 476 (1952) ; *Garrou v. Teaneck Tryon Co.*, 11 *N. J.* 294, 302 (1953) ; *Koch v. Borough of Seaside Heights*, 40 *N. J. Super.* 86, 93 (*App. Div.* 1956), affirmed 22 *N. J.* 218 (1956) ; *Haines v. Burlington County Bridge Commission*, 1 *N. J. Super.* 163, 171 (*App. Div.* 1949). The community at large has an interest in the integrity of the zoning plan. *Beirn v. Morris* (14 *N. J.*, at page 536), sufficient to justify an attack which goes to the validity of the entire district.''

In the case of *Behlen & Bros., Inc. v. Mayor and Council of Town of Kearny*, 31 *N. J. Super.* 30, 37 (*App. Div.* 1954)

the court ruled in effect that property owners have standing to challenge the validity of zoning ordinances relating to the non-conforming use of other properties within the same zone.

*Borough of Cresskill v. Borough of Dumont,* 15 *N. J.* 238 (1954) succinctly expresses the law to date. In *Cresskill,* the court has laid down as criteria for standing to attack zoning ordinances mere ownership of property in the area affected.

■ This court is satisfied that the ownership of property in an area affected by zoning is sufficient to create standing to contest the validity of a zoning ordinance.

■ As stated above, defendants contend plaintiffs have not built on the vacant land and do not intend to build. This is immaterial. The ordinance in question imposes an additional burden which inures to the land to which this ordinance is applicable. The imposition of this burden is sufficient to create standing. See *Speakman v. Mayor & Council of Borough of North Plainfield,* 8 *N. J.* 250, 258 (1951).

II

■ The next question to be determined is whether Scotch Plains has authority to enact said ordinance. Municipalities have no inherent authority to enact zoning ordinances. Such power is derived from the State. *N. J. Constitution* of 1947, *Art.* 4, § 6, *par.* 2, gives the Legislature the power to enact enabling legislation in order that the municipalities could enact zoning ordinances. See *N. J. S. A.* 40 :55–1.1 *et seq.*

■ *N. J. S. A.* 40 :55–30 specifically gives municipalities the authority to enact zoning legislation. Municipal authority to pass a zoning ordinance is confined to that given by statute. *Hegeman Co. v. Mayor, etc., of River Edge,* 6 *N. J. Super.* 495, 502 (*Law Div.* 1949) ; *Jones v. Zoning Bd. of Adjustment, Long Beach Tp.,* 32 *N. J. Super.* 397, 403 (*App. Div.* 1954) ; *Schmidt v. Board of Adjustment, Newark,* 9 *N. J.* 405, 416, 417 (1952) ; *Midtown Properties, Inc. v. Madison Tp.,* 68 *N. J. Super.* 197, 207 (*Law Div.* 1961), affirmed *per curiam* 78 *N. J. Super.* 471 (*App. Div.* 1963).

See also *Stoker v. Irvington,* 71 *N. J. Super.* 370 (*Law Div.* 1961); *Magnolia Development Co., Inc. v. Coles,* 10 *N. J.* 223 (1952).

*N. J. S. A.* 40:55–36 authorizes the governing body or board of public works to provide for the appointment of a board of adjustment, which is empowered to act pursuant to *N. J. S. A.* 40:55–39.

"In the exercise of the powers conferred by the statute and the ordinance, the zoning board is not the agent of the local governing body. It is a statutory creation for the effectuation of the essential legislative policy. It performs *quasi*-judicial functions, in their essence discretionary, controlled by the principle and policy of the statute and the local ordinance so far as consistent therewith. *Potts v. Board of Adjustment of Borough of Princeton,* 133 *N. J. L.* 230." *Lynch v. Hillsdale,* 136 *N. J. L.* 129, at *pp.* 132-133. (*Sup. Ct.* 1947)

"Once the Board of Adjustment is provided for in the zoning ordinance, its powers stem directly from the statute, *R. S.* 40:55–39, and may not in any way be circumscribed, altered or extended by the municipal governing body." *Duffcon Concrete Products, Inc. v. Borough of Cresskill,* 1 *N. J.* 509, *pp.* 515-516. (1949)

Upon the oral argument, it was conceded by both parties that the ordinance in question was in fact a "special exception" ordinance.

A "special exception" to a municipal zoning ordinance refers to special uses which are permissive in the particular zone under the ordinance, and are neither nonconforming uses nor akin to a variance. A special exception to a municipal zoning ordinance refers to a special use which is considered by the local legislative body to be essential or desirable for the welfare of the community and its citizenry, and which is entirely appropriate and not essentially incompatible with basic uses in the zone involved, but not at every or any location therein or without restrictions or conditions being imposed on such use. *Tullo v. Millburn Tp.,* 54 *N. J. Super.* 483 (*App. Div.* 1959).

"Special uses," denominated "special exceptions" in New Jersey, are specifically provided for in our Zoning Act (*R. S.* 40:55–39(*b*), as amended), under which the board of adjust-

ment is the agency empowered to hear and decide requests for same in accordance with the provisions of any such ordinance. *Saddle River Country Day School v. Borough of Saddle River,* 51 *N. J. Super.* 589, 604 (*App. Div.* 1958).

Our Supreme Court, in *Swimming River Golf & Country Club v. Borough of New Shrewsbury,* 30 *N. J.* 132 (1959), stated the same principle when it held invalid an ordinance which would give the power to grant special exceptions to the planning board. The court stated:

> "It has been held that the board of adjustment is the only agency empowered to hear and decide requests for special exceptions in accordance with the standards specified in a municipal zoning ordinance, as this matter is committed by statute to that board and the municipality may not deviate from that framework."

See *Saddle River, supra; Duffcon Concrete Products, Inc. v. Cresskill,* 1 *N. J.* 509 (1949) ; *Tzeses v. Board of Trustees, South Orange,* 22 *N. J. Super.* 45 (*App. Div.* 1952).

■■ Matters committed to the board of adjustment by statute and the exercise of its powers, may not in any way be circumscribed, altered or extended by the municipal governing body; and therefore, since the board of adjustment is the only agency empowered by statute to hear and decide a request for special exceptions, an ordinance providing for reference to the planning board for recommendation, and to the governing body for final decision is invalid. *Saddle River, supra,* at *pp.* 604–605. See *Houdaille Con. Mats. Inc. v. Board of Adjustment, Tewksbury Tp.,* 92 *N. J. Super.* 293 (*App. Div.* 1966).

In *Levy v. Mravlag,* 96 *N. J. L.* 367 (*Sup. Ct.* 1921), plaintiff applied for a permit to construct a building that conformed to the building code. The permit was denied on the ground that a city ordinance, which provided for written approval consent of three-quarters of the property owners within an area of 500 feet of the construction site, had not been complied with. The Supreme Court in determining the ordinance invalid, stated:

"* * * The power thus granted to the governing body [by statute] of each municipality does not authorize the delegation of that power to any body of citizens to determine uniformity of regulations to be applied. Under this ordinance one person may be prevented from building a certain character of building on a certain street, because three-fourths of the landowners will not consent, while another may have a permit on the same street for exactly the same character of building, for the same use forbidden the other, because the required proportion of landowners within the same area may consent."

The ordinance in the instant case creates in the proposed Architectural Review Board the power to recommend or deny application for a building permit for a use which under the zoning code would be otherwise proper.

In the present case defendants, by the ordinance in question, seek to aesthetically control construction in the municipality independently of the zoning law. The ordinance in effect imposes an additional condition precedent to the issuance of a permit. By that is meant that if a proposed use conforms to the zoning code, the additional burden is placed that it must conform to surroundings aesthetically. In effect, the ordinance places aesthetic value first and creates an unjustifiable condition precedent to the issuance of a certificate.

There is no doubt, and the law is well settled, that aesthetic value plays an important role in modern-day zoning legislation. Nevertheless, in this State it has been held that zoning power may not be exercised for purely aesthetic considerations. *Passaic v. Paterson Bill Posting, etc., Co.,* 72 *N. J. L.* 285 (*E. & A.* 1905); *Romar Realty Co. v. Board of Com'rs of Borough of Haddonfield,* 96 *N. J. L.* 117 (*Sup. Ct.* 1921); *Vassallo v. Board of Com'rs of City of Orange,* 125 *N. J. L.* 419 (*E. & A.* 1940); *Pfister v. Municipal Council of City of Clifton,* 133 *N. J. L.* 148 (*Sup. Ct.* 1945); *Hendlin v. Fairmount Const. Co.,* 8 *N. J. Super.* 310 (*Ch. Div.* 1950).

However, aesthetics are relevant to zoning when they bear in a substantial way upon land utilization, or where an ordinance is designed primarily to conserve property

values the mere fact that it may also take into account aesthetic considerations does not render it invalid. *United Advertising Corp. v. Borough of Metuchen,* 42 *N. J.* 1 (1964).

Today, aesthetics is recognized as a legitimate aim of zoning. It has been used to control the following activities: Prohibiting outdoor signs other than those related to business conducted on the premises, *United Advertising Corp. v. Borough of Raritan,* 11 *N. J.* 144 (1952); *United Advertising Corp. v. Borough of Metuchen,* 42 *N. J.* 1 (1964); prohibiting trailers from being parked in certain areas for aesthetic reasons, *Napierkowski v. Gloucester Tp.,* 29 *N. J.* 481 (1959), *Livingston Tp. v. Marchev,* 85 *N. J. Super.* 428 (*App. Div.* 1964), certification denied 44 *N. J.* 412; prohibition of front yard fences over a certain height upheld (safety and beauty), *Klotz v. Board of Adjustment, of Borough of Englewood Cliffs,* 90 *N. J. Super.* 295 (*Law Div.* 1966); prohibition of trailer camps and parks in an industrial zone, *Vickers v. Tp. Committee of Gloucester Tp.,* 37 *N. J.* 232 (1967); outdoor storage of vehicles could be prohibited, but ordinance did not apply to railroad operation, *N. Y. Central Railroad Co. v. Borough of Ridgefield,* 84 *N. J. Super.* 85 (*App. Div.* 1964); minimum square feet for homes upheld, *Lionshead Lakes, Inc. v. Wayne Tp.,* 10 *N. J.* 165 (1952), appeal dismissed 344 *U. S.* 919, 73 *S. Ct.* 386, 97 *L. Ed.* 708, minimum lot size of five acres upheld, *Fischer v. Bedminster Tp.,* 11 *N. J.* 194; prohibition of hotels and motels in residential district allowed, *Pierro v. Baxendale,* 20 *N. J.* 17 (1955), height restriction allowed, *Pequannock Tp. v. De Wilde,* 21 *N. J. Super.* 517 (*App. Div.* 1952), adopting the dissenting opinion in *Brookdale Homes, Inc. v. Johnson,* 126 *N. J. L.* 516 (*E. & A.* 1941).

However, these considerations must be prescribed in the ordinance and implemented by the board of adjustment. If landowners comply with building requirements and their property is not restricted by zoning ordinance, they

have a continuing right to a building permit, not subject to discretionary powers of a board or commission not authorized by statute. *Schack v. Trimble,* 48 *N. J. Super.* 45, 50–51 (*App. Div.* 1957).

*State of Missouri, ex rel. Magidson v. Henze,* 342 *S. W. 2d* 261 (*Mo. Ct. App.* 1961), was an action similar to this case. In said case the ordinance provided for the appointment of an architectural control commission to pass upon plans for proposed buildings — particularly with reference to exterior designs thereof and to approve or disapprove the same. The ordinance further provided that in making its determinations the commission shall be guided by the intent and purpose of this section and shall approve the plans for said buildings, provided it finds that they are in harmony with and will promote compatible architectural design in the same vicinity and thus promote and protect the health, safety, morals and general welfare of the community. The plans presented in this case were disapproved by the architectural control commission and plaintiff was denied a building permit.

The court said that zoning ordinances and building regulations constitute the exercise of a governmental function referable to the police power. Further, that the city has no inherent police powers and we must look to the statutes to determine the extent of the power granted by the state to the city. After reviewing the statute in question, the court stated that the statutory grant for this purpose was to the legislative body of the city and could not be delegated to an architectural control commission, and that this delegation of power to the architectural control commission was invalid since the power to zone could not be delegated.

The ordinance in question usurps the power of the board of adjustment and vests unbridled discretion in the Architectural Review Board. There is no authority in *N. J. S. A.* 40:55–1.1 *et seq.* for the enactment of an Architectural Review Board, the purported ordinance is an invalid exercise of municipal power.

Due to the determination of this court that the ordinance is an invalid exercise of municipal power, it is unnecessary and superfluous to consider defendants' third contention regarding the standards set by the ordinance.

Summary judgment should be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order, as a matter of law. *R. R.* 4:58–3. See *Judson v. Peoples Bank & Trust Co.,* 17 *N. J.* 67 (1954).

The facts in the case before the court are undisputed. The question broached is purely a question of law to be determined by the court.

Plaintiffs' motion for summary judgment is hereby granted.